IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Dantonio Tucker, ) | |
| ) | Civil Action No. 7:15-3120-BHH-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| City of Spartanburg, Spartanburg ) | |
| City Police Department, and ) | |
| Johnathan Lawson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

       The plaintiff, who is proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code 1983 and submit findings and recommendations to the district court.

       On October 22, 2015, the defendants served the plaintiff with interrogatories and requests for production. When the plaintiff did not respond to those discovery requests, the defendants filed a motion to compel discovery on December 1, 2015 (doc. 30). The plaintiff did not file a response to that motion. On December 21, 2015, this court issued an order granting the motion to compel and directing the plaintiff to respond to the defendants' discovery requests by January 5, 2016 (doc. 33). The plaintiff was warned that the failure to obey that order may result in sanction, including the dismissal of all or part of the action. The defendants have not received discovery responses from the plaintiff since the court's order.

On January 13, 2016, the defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), which provides that the court may order sanctions for the failure to obey an order to provide discovery (doc. 36).  *See* Fed. R. Civ. P. 37(b)(2)(A).  On January 14, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to respond adequately (doc. 37).  The plaintiff did not respond to the motion.

As the plaintiff is proceeding *pro se*, the court filed a second order on February 24, 2016, giving the plaintiff through March 15, 2016, in which to file his response to the motion to dismiss (doc. 40).  The plaintiff was again specifically advised that, if he failed to respond, this action would be dismissed for failure to prosecute.  The plaintiff did not respond.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989).  In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

As noted above, Rule 37(b)(2)(A) provides for sanctions for a party's failure to obey an order to provide discovery. Fed. R. Civ. P. 37(b)(2)(A). Allowable sanctions include dismissal of the action in whole or in part. *Id.*

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no response has been filed. Meanwhile, the defendants are left to wonder when the action against them will be resolved. The plaintiff has not responded to the defendants' discovery requests and motion to dismiss or the court's orders requiring him to respond. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for failure to comply with a court order to provide discovery pursuant to Rule 37 and for lack of prosecution pursuant to Rule 41(b). Accordingly, the defendants' motion to dismiss (doc. 36) should be granted.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

March 22, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).